NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEXANDER HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>C.O. YENER, *et. al.*,<br><br>    Defendants. | No. 25cv3363 (EP) (MAH)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

*Pro se* Plaintiff Alexander Harris ("Harris"), a convicted but unsentenced inmate at Hudson County Correctional Center in Kearny, New Jersey, alleges constitutional violations concerning his medical care under 42 U.S.C. § 1983. D.E. 1 ("Complaint"). Harris also submitted an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). D.Es. 1-1 and 1-2 (collectively, "IFP application").

28 U.S.C. § 1915(a) provides, in part:

> (1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, **by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.** Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

Plaintiff did not complete the "Affidavit of Poverty" section of his IFP application. *See* IFP Application. To comply, Plaintiff must complete and sign the Affidavit of Poverty.

Local Civil Rule 54.3(a) provides:

> (a) Except as otherwise directed by the Court, the Clerk shall not be required to enter any suit, file any paper, issue any process or render any other service for which a fee is prescribed by statute or by the Judicial Conference of the United States, nor shall the Marshal be required to serve the same or perform any service, unless the fee therefor is paid in advance. The Clerk shall receive any such papers in accordance with L. Civ. R. 5.1(f).

This local rule is applicable because there is a $350 filing fee for a civil case, 28 U.S.C. § 1914(a), and a $55 administrative fee under District of New Jersey, Local Civil Rules, Appendix K.

Plaintiff has not paid the filing fee or satisfied the requirements for IFP status under 28 U.S.C. § 1915(a).[1]   The Court will provide him **30 days** from the date of this Order to do so. Accordingly,

**IT IS**, on this **29th** day of May 2025,

**ORDERED** that Plaintiff's IFP Application, D.Es. 1-1 and 1-2, is **DENIED** *without prejudice*; and it is further

**ORDERED** the Clerk shall **ADMINISTRATIVELY TERMINATE** this action due to Plaintiff's failure to satisfy the filing fee requirement or alternatively submit a properly completed IFP application; and it is further

**ORDERED** that the Clerk shall supply to Plaintiff a blank form "Affidavit of Poverty and Account Certification (Civil Rights)" DNJ-Pro Se-007-A-(Rev.12/2023); and it is further

**ORDERED** that if Plaintiff wishes to reopen this action he shall either: (1) pay the $405 civil filing and administrative fees, pursuant to 28 U.S.C. § 1914(a) and District of New Jersey

---

[1] If Plaintiff is granted IFP status, his complaint is subject to screening for dismissal for the reasons described under 28 U.S.C. § 1915(e)(2)(B).

Local Civil Rules, Appendix K; or (2) submit a properly completed IFP application under 28 U.S.C. § 1915(a) within **30 days** of entry of this Order; and it is further

      **ORDERED** that if Plaintiff wishes to reopen this action, he shall so notify the Court, in writing addressed to the Clerk of the Court, Martin Luther King Building and U.S. Courthouse, 50 Walnut Street, Newark, New Jersey, 07102, within **30 days** from the date of entry of this Order. Plaintiff shall include either the $405 filing fees or his properly completed IFP application in his mailing; and it is finally

      **ORDERED** that the Clerk shall send a copy of this Order to Plaintiff by regular mail.

                                                    Evelyn Padin, U.S.D.J.